1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN DOE, et al.,
                                    NO. CIV. S-06-1043 LKK/DAD
11
             Plaintiff,
12
        v.                                    O R D E R
13
     THE REGENTS OF THE UNIVERSITY
14   OF CALIFORNIA, et al.,

15           Defendants.

16   _____/

17        Defendants in the above captioned case have moved for costs

18   following the entrance of judgment in their favor. Specifically,

19   defendant Sylvia Lopez seeks $7,993.16 in costs and defendant

20   Sheridan Miyamoto, R.N., seeks $12,173.79 in costs. Plaintiffs are

21   minors and their parents. They brought a civil rights action

22   against defendants. Ultimately, this case was dismissed because

23   plaintiffs' counsel failed to follow court orders and submit

24   pretrial documents. Counsel continued this unacceptable conduct by

25   failing to file objections to the bills of costs.

26        Costs are awarded to the prevailing party in civil actions as

                                    1

1   a matter of course absent express statutory provision, "unless the
2   court otherwise directs." Fed. R. Civ. P. 54(d). In deciding
3   whether to award costs, district courts may consider the
4   plaintiff's ability to pay, the amount of the costs involved, and
5   the possibility that an award may leave the plaintiff indigent. See
6   Wrighten v. Metropolitan Hosps., Inc., 726 F.2d 1346, 1358 (9th
7   Cir. 1984), Moore v. Hughes Helicopters, Inc., 708 F.2d 474, 486
8   (9th Cir. 1983). The Ninth Circuit has repeatedly held that such
9   concerns, particularly in civil rights cases, are an appropriate
10  basis for denying defendants' recovery of costs outright. See
11  Nation Organization of Women v. Bank of California, 680 F.2d 1291,
12  1294 (9th Cir. 1982) (District court did not abuse its discretion
13  in denying costs on basis of "plaintiffs' limited budgets.");
14  Stanley v. University of Southern California, 178 F.3d 1069, 1079-
15  81 (9th Cir. 1999) (reversing district court's award of costs to
16  defendants, "conclud[ing] that the district court abused its
17  discretion, particularly based on the district court's failure to
18  consider two factors: [plaintiff's] indigency, and the chilling
19  effect of imposing such high costs on future civil rights
20  litigants.").

21       The court has serious concerns about the ability of plaintiffs
22  to pay the costs sought by defendants. Nonetheless, the court has
23  no way of determining plaintiffs' financial situation because of
24  their counsel's failure to file objections to the bills of costs.
25  Furthermore, this case was dismissed as a sanction due to counsel's
26  failure to follow court orders, and not due to conduct of

1  plaintiffs. Rather, plaintiffs' complaint was far from frivolous
2  and raised issues sufficient to withstand summary judgment.[1] If the
3  court could order costs to be paid by counsel, and not her clients,
4  it would not hesitate to do so. But as it cannot, under the
5  totality of the circumstances, the court finds it inappropriate to
6  saddle plaintiffs with the sins of their attorney.

7      For the foregoing reasons, defendants Lopez's and Miyamoto's
8  requests for awards of costs (Doc. Nos. 153, 154) are DENIED.

9      IT IS SO ORDERED.

10     DATED: May 2, 2011.



                        LAWRENCE K. KARLTON
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT

_____
     [1] Plaintiffs' original counsel drafted the complaint and
opposed summary judgment. While the conduct of the original counsel
was far from ideal, it did not demonstrate the persistent disregard
of court orders and ethical duties of the current counsel.